IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01302-BNB

GARY ROBERT MILLER,

    Applicant,

v.

EL PASO COUNTY SHERIFF TERRY MAKITA,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Gary Robert Miller, was incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado, on a parole hold when he submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No.1). The Court reviewed the habeas corpus application and determined it was deficient. On May 9, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Miller to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The May 9 order pointed out that Mr. Miller failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, together with a certificate showing the current balance in his inmate account. The May 9 order also pointed out that Mr. Miller failed to submit on the proper, Court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that named the proper party as Respondent. The May 9 order

directed to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The May 9 order warned Mr. Miller that the application would be denied and the action dismissed without prejudice and without further notice if he failed to cure the designated deficiencies within thirty days.

On May 16, 2014, the copy of the May 9 order mailed to Mr. Miller was returned to the Court as undeliverable.  *See* ECF No. 5.  Mr. Miller has failed to cure the designated deficiencies within the time allowed or otherwise to communicate with the Court in any way.  Therefore, the application will be denied and the action dismissed without prejudice for Mr. Miller's failure to cure the designated deficiencies as directed within the time allowed and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Miller files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Gary

Robert Miller, to cure the deficiencies designated in the order to cure of May 9, 2014, within the time allowed and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Miller at his last known address.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court